**FILED**

OCT - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eugene Bush
        Plaintiff(s),

v.

United States
        Defendant.

Case No.

MOTION TO QUASH

Case: 1:07-mc-00406
Assigned To : Robertson, James
Assign. Date : 10/5/2007
Description: Miscellaneous

### JURISDICTION

This court has jurisdiction under 28 U.S.C. 1331 (civil action arising under the Constitution and laws of the United States,) 28 U.S.C. 1346 (United States is a defendant).

### FEDERAL QUESTION

Whether the United States has jurisdiction: that is, whether the Levy should be quashed on the ground that it is repugnant to and violative of Article I, Section 8, Clause 17 of the Constitution and its implementing statute, 40 USC 255.

Whether an administrative levy absent a court order is simply a request and applies no force to taxpayers and/or third party fiduciaries and no consequence whatever can befall a taxpayer and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS levy until that levy is backed by a federal court order.

### FACTS

Defendant served administrative levies on plaintiff's employer, Oregon Health & Science University, on Aug. 16, 2007 and on Bank of America P.O. Box 3977, Seattle, WA 98124 dated August 6, 2007. Defendants' levies are not backed by a federal court order

### DEFENDANTS LACK JURISDICTION

Defendants do not have jurisdiction: the levies repugnant to Article I, Section 8,

Clause 17 of the federal Constitution and 40 USC 255.

Jurisdiction is a threshold question. For the defendants to execute a valid summons against Plaintiff, they must have bona fide Jurisdiction over Plaintiff. If the defendants do not, or cannot proffer the statutorily required proof of such jurisdiction, this court is bound to find in favor of Plaintiff.

As the Supreme Court held in The State of Rhode Island v. The State of Massachusetts, 37 U.S. 709, once the question of jurisdiction is raised "it must be *considered* and *decided* before the court can move one step further." "Jurisdiction *cannot be assumed* by a district court nor conferred by agreement of parties, but it is incumbent upon plaintiff to allege in clear terms, the necessary facts showing jurisdiction which must be proved by convincing evidence." Harris v. American Legion, 162 F. Supp. 700. [See also McNutt v. General Motors Acceptance, 56 S. Ct. 780.] [Italics added]. In Main V. Thibout, 100 S.Ct. 2552, the court held, "It is principle of law that once challenged, the court, agency, or person asserting jurisdiction must prove that jurisdiction to exist as a matter of law." In Foley Bros. Inc. Et al V. Filardo 336 U.S. 28, the court held, "Jurisdiction once challenged cannot be assumed and must be proven." "Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside." See Jaffe and Asher v. Van Brunt, S.D.N.Y.1994. 158 F.R.D. 278.

The Constitution is unambiguous about defining WHAT Congress is authorized to do and WHERE they can do it. The IRS cannot tax where the US cannot legislate.

Specifically with respect to "where" Congress enjoys legislative, i.e., police/taxing jurisdiction, the Constitution reads:

"To exercise exclusive legislation in all cases whatsoever, over such District (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of Congress, become the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings;" Constitution: Article 1, Section 8, Clause 17

The USC codifies the Constitutional requirement at Article I, Section 8, Clause 17 and proscribes the procedure and required documentation for the federal government to successfully assert jurisdiction inside one of the fifty states. To wit: 40 USCS § 255 clearly and specifically requires that a "notice of acceptance" is to be filed "with the Governor of such State or in such manner as may be prescribed by the laws of the State where such lands are situated." "Such lands," of course, referring to those lands that the federal government, through its agents, is claiming exclusive or concurrent jurisdiction over the people living thereon.

The text of § 255 concludes with the statement "Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, *it shall be conclusively presumed that no such jurisdiction has been accepted.*" [Italics added]

Obviously, if the requirements of Article 1, Section 8, Clause 17 of the Constitution of the United States are not complied with, and/or if the procedural requirements of 40 USCS § 255 are not complied with, then no public servant who is acting as an agent of the United States, i.e. the federal government, has any bona fide authority whatsoever to attempt to force compliance with any federal law, rule, code, statute, etc. on anyone living in such an area that is not subject to any bona fide jurisdiction of the federal government.

In support of this rather obvious conclusion, the second paragraph of interpretive note 14 of 40 USCS § 255 says: "In view of 40 USCS § 255, **no jurisdiction exists in United States to enforce federal criminal laws, unless and until consent to accept jurisdiction over lands acquired by United States has been filed in behalf of United States as provided in said section,** and fact that state has authorized government to take jurisdiction is immaterial. Adams v. United States (1943) 319 US 312, 87 L Ed 1421, 63 S Ct 1122." (plaintiff's emphasis).

*Schulz v. IRS*, 04-0196
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
PER CURIAM:

_____"[We] hold that, absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order."

Likewise an IRS levy served on a third party fiduciary seeking payment of plaintiff's funds/property absent a court order is simply a request and applies no force to taxpayers and/or third party fiduciaries and no consequence whatever can befall a taxpayer and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS levy until that levy is backed by a federal court order.

Wherefore, plaintiff seeks an order quashing the levy, an order finding that the IRS does not have personal jurisdiction over plaintiff on grounds that plaintiff does not reside on federal territory and an order consistent with the Second Circuit Court of Appeals and the holding in *Schulz* that absent a court order an IRS levy served on a third party fiduciary

seeking payment of plaintiff's funds/property is simply a request and applies no force to taxpayers and/or third party fiduciaries and no consequence whatever can befall a taxpayer and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS levy until that levy is backed by a federal court order.

Respectfully submitted this 29 day of September, 2007

_____
Eugene Bush

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Eugene Bush  
      Plaintiff(s),

v.

United States  
      Defendant.

Case No.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH

Plaintiff submits this memorandum in support of plaintiff's attached motion to quash an IRS levy as set forth in plaintiff's motion to quash.

**DEFENDANTS LACK JURISDICTION**

Plaintiff's Motion challenges defendants' jurisdiction. Jurisdiction is a threshold question. For the defendants to execute a valid summons against Plaintiff, they must have bona fide Jurisdiction over Plaintiff. If the defendants do not, or cannot proffer the statutorily required proof of such jurisdiction, this court is bound to find in favor of Plaintiff.

Specifically with respect to "where" Congress enjoys legislative, i.e., police/taxing jurisdiction, the Constitution reads:

> "To exercise exclusive legislation in all cases whatsoever, over such District (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of Congress, become the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings;" Constitution: Article 1, Section 8, Clause 17

The Department of Justice's own Criminal Resource Manual documents the true limits of the DOJ's police authority:

**664 Territorial Jurisdiction**

07MS406

**FILED**

OCT - 5 2007


NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Of the several categories listed in 18 U.S.C. § 7, Section 7(3) is the most significant, and provides:

> The term "special maritime and territorial jurisdiction of the United States," as used in this title, includes: . . . (3) Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.
>
> As is readily apparent, this subsection, and particularly its second clause, bears a striking resemblance to the 17th Clause of Article I, Sec. 8 of the Constitution. This clause provides:
>
> "The Congress shall have power. . . *To exercise exclusive Legislation in all Cases whatsoever*, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority *over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."* (Emphasis added.)
>
> The constitutional phrase "exclusive legislation" is the equivalent of the statutory expression "exclusive jurisdiction." *See James v. Dravo Contracting Co.*, 302 U.S. 134, 141 (1937), citing, *Surplus Trading Co. v. Cook*, 281 U.S. 647, 652 (1930).
>
> Until the decision in *Dravo*, it had been generally accepted that when the United States acquired property with the consent of the state for any of the enumerated purposes, it acquired exclusive jurisdiction by operation of law, and any reservation of authority by the state, other than the right to serve civil and criminal process, was inoperable. See *Surplus Trading Co. v. Cook*, 281 U.S. at 652-56. When *Dravo* held that a state might reserve legislative authority, e.g., the right to levy certain taxes, so long as that did not interfere with the United States' governmental functions, it became necessary for Congress to amend 18 U.S.C. § 7(3), by adding the words "so as," to restore criminal jurisdiction over those places previously believed to be under exclusive Federal legislative jurisdiction. *See* H.R. Rep. No. 1623, 76th Cong., 3d Sess. 1 (1940); S. Rep. No. 1788, 76th Cong., 3d Sess. (1940). *Dravo* also settled that the phrase "other needful buildings" was not to be strictly construed to include only military and naval structures, but was to be construed as "embracing whatever structures are found to be necessary in the performance of the function of the Federal Government." *See James v. Dravo Contracting Co.*, 302 U.S. at 142-43. It therefore properly embraces courthouses, customs houses, post offices and locks and dams for navigation purposes.
>
> The "structures" limitation does not, however, prevent the United States from holding or acquiring and having jurisdiction over land acquired for other valid purposes, such as parks and irrigation projects since Clause 17 is not the exclusive method of obtaining jurisdiction.

The United States may also obtain jurisdiction by reserving it when sovereign title is transferred to the state upon its entry into the Union or by cession of jurisdiction after the United States has otherwise acquired the property. See *Collins v. Yosemite Park Co.*, 304 U.S. 518, 529-30 (1938); *James v. Dravo Contracting Co.*, 302 U.S. at 142; *Surplus Trading Co. v. Cook*, 281 U.S. at 650-52; *Fort Leavenworth R.R. Co. v. Lowe*, 114 U.S. 525, 526-27, 538, 539 (1885).

The United States may hold or acquire property within the borders of a state without acquiring jurisdiction. It may acquire title to land necessary for the performance of its functions by purchase or eminent domain without the state's consent. See *Kohl v. United States*, 91 U.S. 367, 371, 372 (1976). But it does not thereby acquire legislative jurisdiction by virtue of its proprietorship. The acquisition of jurisdiction is dependent on the consent of or cession of jurisdiction by the state. See *Mason Co. v. Tax Commission*, 302 U.S. 97 (1937); *James v. Dravo Contracting Co.*, 302 U.S. at 141-42. State consent to the exercise of Federal jurisdiction may be evidenced by a specific enactment or by general constitutional or statutory provision. Cession of jurisdiction by the state also requires acceptance by the United States. See *Adams v. United States*, 319 U.S. 312 (1943); *Surplus Trading Co. v. Cook*, 281 U.S. at 651-52.

Whether or not the United States has jurisdiction is a Federal question. See *Mason Co. v. Tax Commission*, 302 U.S. at 197. Prior to February 1, 1940, it was presumed that the United States accepted jurisdiction whenever the state offered it because the donation was deemed a benefit. See *Fort Leavenworth R.R. Co. v. Lowe*, 114 U.S. at 528. This presumption was reversed by enactment of the Act of February 1, 1940, codified at 40 U.S.C. § 255. This statute requires the head or authorized officer of the agency acquiring or holding property to file with the state a formal acceptance of such "jurisdiction, exclusive or partial as he may deem desirable," and further provides that in the absence of such filing "it shall be conclusively presumed that no such jurisdiction has been acquired." See *Adams v. United States*, 319 U.S. 312 (district court is without jurisdiction to prosecute soldiers for rape committed on an army base prior to filing of acceptance prescribed by statute). The requirement of 40 U.S.C. § 255 can also be fulfilled by any filing satisfying state law. *United States v. Johnson*, 994 F.2d 980, 984-86 (2d Cir. 1993). The enactment of 40 U.S.C. § 255 did not retroactively affect jurisdiction previously acquired. See *Markham v. United States*, 215 F.2d 56 (4th Cir.), *cert. denied*, 348 U.S. 939 (1954); *United States v. Heard*, 270 F. Supp. 198, 200 (W.D. Mo. 1967).

In summary, the United States may exercise plenary criminal jurisdiction over lands within state borders:

A. Where it reserved such jurisdiction upon entry of the state into the union;

B. Where, prior to February 1, 1940, it acquired property for a purpose enumerated in the Constitution with the consent of the state;

C. Where it acquired property whether by purchase, gift or eminent domain, and thereafter, but prior to February 1, 1940, received a cession of

jurisdiction from the state; and

D. Where it acquired the property, and/or received the state's consent or cession of jurisdiction after February 1, 1940, and has filed the requisite acceptance. U.S. DOJ Criminal Resource Manual, October 1997 Section 664

The police power is vested in the States and not the federal government. See Wilkerson v. Rahrer, 140 U.S. 545, 554, 11 S.Ct. 865, 866 (1891) (the police power "is a power originally and always belonging to the States, not surrendered to them by the general government, nor directly restrained by the constitution of the United States, and essentially exclusive"); Union National Bank v. Brown, 101 Ky. 354, 41 S.W. 273 (1897); John Woods &Sons v. Carl, 75 Ark. 328, 87 S.W. 621, 623 (1905); Southern Express Co. v. Whittle, 194 Ala. 406, 69 So.2d 652, 655 (1915); Shealey v. Southern Ry. Co., 127 S.C. 15, 120 S.E. 561, 562 (1924) ("The police power under the American constitutional system has been left to the states. It has always belonged to them and was not surrendered by them to the general government, nor directly restrained by the constitution of the United States ... Congress has no general power to enact police regulations operative within the territorial limits of a state"); and McInerney v. Ervin, 46 So.2d 458, 463 (Fla. 1950) "No sanction can be imposed absent proof of jurisdiction." Standard v Olson, 74 S.Ct. 768 "It has also been held that jurisdiction must be affirmatively shown and will not be presumed." Special Indem. Fund v Prewitt, 205 F2d 306, 201 OK. 308 Even the IRS's own CID manual shows it does not have jurisdiction inside the fifty states:

"The Criminal Investigative Division enforces the criminal statutes applicable to income, estate, gift, employment, and excise tax laws involving United States citizens residing in foreign countries and non-resident aliens subject to federal income tax filing requirements." IRS Criminal Investigation Division

The Supreme Court says the government has an obligation to ascertain bona fide authority: "Anyone entering into an arrangement with the government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of this authority." Federal Crop Insurance v. Merrill, 33 U.S. 380 at 384 (1947).

The Federal Rules of Civil Procedure even states there is no jurisdiction inside New York:

" 'Act of Congress' includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession." See 18 USC, Rule 54 of the Federal Rules of Criminal Procedure. Note: There is NO reference to the 50 "states."

The IRS must establish jurisdiction or the court will be sanctioning FRAUD: "Silence is a species of conduct, and constitutes an implied representation of the existence of facts in question. When silence is of such character and under such circumstances that it would become a fraud, it will operate as an Estoppel." Carmine v. Bowen, 64 U.S. 932 "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading. ... We cannot condone this shocking conduct by the IRS. Our revenue system is based upon the good faith of the taxpayers and the taxpayers should be able to expect the same from government in its enforcement and collection activities .... This sort of deception will not be tolerated and if this is the 'routine' it should be corrected immediately." [U. S. v. Tweel, 550 F.2d 297, 299 (1977)][quoting U.S. v. Prudden, 424 F.2d 1021, 1032 (1970)]

The USC codifies the Constitutional requirement at Article I, Section 8, Clause 17 and proscribes the procedure and required documentation for the federal government to

successfully assert jurisdiction inside one of the fifty states. To wit: 40 USCS § 255 clearly and specifically requires that a "notice of acceptance" is to be filed "with the Governor of such State or in such manner as may be prescribed by the laws of the State where such lands are situated." "Such lands," of course, referring to those lands that the federal government, through its agents, is claiming exclusive or concurrent jurisdiction over the people living thereon.

The text of § 255 concludes with the statement "Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, *it shall be conclusively presumed that no such jurisdiction has been accepted.*" [Emphasis added] Obviously, if the requirements of Article 1, Section 8, Clause 17 of the Constitution of the United States are not complied with, and/or if the procedural requirements of 40 USCS § 255 are not complied with, then no public servant who is acting as an agent of the United States, i.e. the federal government, has any bona fide authority whatsoever to attempt to force compliance with any federal law, rule, code, statute, etc. on anyone living in such an area that is not subject to any bona fide jurisdiction of the federal government.

In support of this rather obvious conclusion, the second paragraph of interpretive note 14 of 40 USCS § 255 says: "In view of 40 USCS § 255, **no jurisdiction exists in United States to enforce federal criminal laws, unless and until consent to accept jurisdiction over lands acquired by United States has been filed in behalf of United States as provided in said section,** and fact that state has authorized government to take jurisdiction is immaterial. Adams v. United States (1943) 319 US 312, 87 L Ed 1421, 63 S Ct 1122." (plaintiff's emphasis).

[Federal jurisdiction] " ...must be considered in the light of our dual system of

government and may not be extended...in view of our complex society, would effectually obliterate the distinction between what is national and what is local and create a completely centralized government." United States v. Lopez, 514 U.S. 549, 115 S.Ct.1624 (1995).

*Schulz v. IRS*, 04-0196
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
PER CURIAM:

In May and June 2003 defendant-appellee, the Internal Revenue Service ("IRS"), served plaintiff-appellant, Robert L. Schulz, with a series of administrative summonses seeking testimony and documents in connection with an IRS investigation of Schulz. Schulz filed in the United States District Court for the Northern District of New York motions to quash those summonses. In an order dated October 16, 2003, Magistrate Judge David R. Homer dismissed Schulz's motions for lack of subject matter jurisdiction, finding that, because the IRS had not commenced a proceeding to enforce the summonses, a procedure described in 26 U.S.C. §7604, Schulz was under no threat of consequence for refusal to comply and, until such time as the IRS chose to pursue compulsion in a United States district court, no case or controversy existed.

Magistrate Judge Homer further found that if the IRS did attempt to compel Schulz to produce testimony and documents named in the summonses, the enforcement procedure described in §7604 would provide Schulz with adequate opportunity to contest the requests.

Schulz filed an appeal and objection in the District Court. By order dated December 3, 2003, the District Court denied those objections and dismissed the appeal. Schulz now appeals from that final decision of the District Court. We assert jurisdiction pursuant to 28 U.S.C. §1291 and affirm.

* * *

We realize that our holding today stands in direct contradiction to our previous decisions in *Application of Colton*, 291 F.2d 487, 491 (2d Cir. 1961), and *In re Turner*, 309 F.2d 69, 71 (2d Cir. 1962). While reversal of our prior precedent is never a matter we regard lightly, we take no small solace in Judge Friendly's discussion of *Colton* and *Turner* in *United States v. Kulukundis*, 329 F.2d 197 (2d Cir. 1964). There, Judge Friendly, who authored both *Colton* and *Turner*, points out that *Reisman* "seems to destroy the basis underlying decisions of this court which authorized applications to vacate [an IRS] summons (and appeals from their denial) in advance of any judicial proceeding by the Government for their enforcement." *Id.* at 199. In light of this, we view ourselves today as completing a task begun forty years ago and <u>*hold that, absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order.*</u> In addition, we <u>*hold that*</u>

*if the IRS seeks enforcement of a summons through the courts, those subject to the proposed order must be given a reasonable opportunity to contest the government's request*. (Emphasis added)

Likewise an IRS levy served on a third party fiduciary seeking payment of plaintiff's funds/property absent a court order is simply a request and applies no force to taxpayers and/or third party fiduciaries and no consequence whatever can befall a taxpayer and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS levy until that levy is backed by a federal court order.

Wherefore, plaintiff seeks an order quashing the levy, an order finding that the IRS does not have personal jurisdiction over plaintiff on grounds that plaintiff does not reside on federal territory and an order consistent with the Second Circuit Court of Appeals and the holding in *Schulz* that absent a court order an IRS levy served on a third party fiduciary seeking payment of plaintiff's funds/property is simply a request and applies no force to taxpayers and/or third party fiduciaries and no consequence whatever can befall a taxpayer and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS levy until that levy is backed by a federal court order.

Respectfully submitted this 29 day of September, 2007

_____
Eugene Bush